UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALAN GAULT,

    Plaintiff,

v.                                            CASE NO: 8:12-cv-1389-T-33TGW

SRI SURGICAL EXPRESS, INC.,
CHARLES W. FEDERICO, JAMES
T. BOOSALES, JAMES M. EMANUEL,
MICHAEL D. ISRAEL, CHARLES T.
ORSATTI, WAYNE R. PETERSON,
GERALD R. WOODARD, and SHM
ACQUISITION, INC.,

    Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Defendants' Motion to Dismiss (Doc. # 22), which was filed on September 6, 2012. Plaintiff filed a Response in Opposition to the Motion (Doc. # 31) on October 11, 2012, and Defendants filed a Reply to the Response (Doc. # 32) on October 19, 2012. For the reasons that follow, the Motion is granted in part and denied in part.

## I. Background

On June 7, 2012, Defendant SRI and non-party Synergy Health US Holdings Limited, formerly the parent company of Defendant SHM Acquisition, Inc., announced an agreement and plan of merger in accordance with which "holders of SRI's

common stock [would] be entitled to receive $3.70 per share in cash through a cash tender offer followed by a merger." (Doc. # 1 at ¶¶ 2, 41). According to Plaintiff Alan Gault, an SRI shareholder,

> [t]he Merger Agreement also provides that, immediately prior to consummation of the Proposed Acquisition, each unexercised Company Stock Option . . . , whether vested or unvested, that is outstanding immediately prior to consummation, will be cancelled and converted automatically into the right to receive from SRI a payment in cash equal to the product of (a) the excess, if any, of the Per Share Amount over the applicable exercise price of such Option multiplied by (b) the number of Shares subject to such Option immediately prior to the Acceptance Date . . . .

Id. at ¶ 6. Additionally, Gault alleges that "the Merger Agreement contains several preclusive deal mechanisms which effectively discourage[ ] other bidders from making successful topping bids and prevent SRI shareholders from recognizing the full, fair and adequate value of their shares." Id. at ¶ 11.

On June 13, 2012, SRI filed its Solicitation/ Recommendation Statement (14D-9) with the Securities and Exchange Commission. Id. at ¶ 10. Gault alleges that "the 14D-9 omits and/or misrepresents material information concerning, among other things: (a) the sales process for SRI; (b) SRI's financial projections; and (c) the data and inputs underlying the financial valuation exercises that purport to

support the so-called 'fairness opinion' provided by its financial advisor, McColl Partners, LLC." Id.

Gault initiated this action on June 22, 2012, "on behalf of himself and all other public shareholders of SRI/Surgical Express, Inc.[,] . . . against SRI, its Board of Directors . . . , and SHM Acquisition, Inc., . . . a Florida corporation and wholly-owned subsidiary of Synergy Health US Holdings Limited." Id. at ¶ 1. Gault alleges that Defendant-Directors breached their fiduciary duties and violated Rule 14(e) of the Securities Exchange Act of 1934 by "attempt[ing] to sell [SRI] to Synergy by means of an unfair process and for an unfair price." Id. The Complaint also includes a claim against "Synergy" for "aiding and abetting breaches of fiduciary duties." Id. at ¶¶ 75-81. However, the Court recognizes that Synergy Health US Holdings Limited is not a party to this action; instead, Gault apparently seeks relief against SHM Acquisition, Inc., Synergy's former subsidiary, for the aiding and abetting claim.

## II. Legal Standard

In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th

Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**III. Discussion**

   **A.   Breach of Fiduciary Duty**

"Claims involving 'internal affairs' of corporations,

-4-

such as the breach of fiduciary duties, are subject to the laws of the state of incorporation." Chatlos Found., Inc. v. D'Arata, 882 So. 2d 1021, 1023 (Fla. 5th DCA 2004) (internal quotation and citations omitted); see also Int'l Ins. Co. v. Johns, 874 F.2d 1447, 1458 n.19 (11th Cir. 1989) ("[T]he law of the state of incorporation governs the liabilities of the officers or directors to the corporation."). Thus, because SRI is a Florida corporation, the Court will analyze Gault's breach-of-fiduciary-duty claim in accordance with Florida law.

To state a claim for breach of fiduciary duty under Florida law, a plaintiff must establish (1) that a fiduciary duty exists, (2) that the defendant breached this duty, and (3) that the breach of this duty is the proximate cause of the plaintiff's damages. Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002). The first element is easily satisfied in this case; Florida law recognizes that "[c]orporate directors and officers owe a fiduciary obligation to the corporation and its shareholders and must act in good faith and in the best interest of the corporation." Cohen v. Hattaway, 595 So. 2d 105, 107 (Fla. 5th DCA 1992). As Gault alleges that each Defendant-Director in this action served as a director of SRI during the relevant period (Doc. # 1 at ¶¶ 18-25), Gault has sufficiently established the existence of a fiduciary duty.

-5-

With regard to the second element, the alleged breach of the established fiduciary duty, Gault avers that Defendant-Directors have breached their duties of loyalty because

> [1] they [have taken] steps to avoid competitive bidding, to cap the price of SRI stock and to give Synergy an unfair advantage, by, among other things, failing to solicit other potential acquirers or alternative transactions; [2] they [failed to protect] against the numerous conflicts of interest resulting from the directors' own interrelationships or connection with the Proposed Acquisition; and [3] they [failed] to disclose all material information that would permit SRI stockholders to cast a fully informed vote on the Proposed Acquisition, including both financial information and regulatory information which may materially affect the Company and its shareholders.

(Doc. # 1 at ¶ 68).

Defendants, however, argue that Gault fails to state a breach-of-fiduciary-duty claim because: (1) "Florida's business judgment rule, as a matter of law, negates Plaintiff's breach of fiduciary duty claim," (Doc. # 22 at 14); (2) "Plaintiff failed to plead specific facts indicating that any of the Individual Defendants' interests were not aligned with the interests of other SRI shareholders or that any of the Individual Defendants stand to benefit personally from the transaction to the detriment of SRI shareholders," Id. at 17; and (3) "Mere allegations of unfair price are . . . insufficient to state a claim as a matter of law." Id. at

-6-

20.

Florida's business judgment rule, codified in section 607.0831, Florida Statutes, provides in relevant part:

> A director is not personally liable for monetary damages to the corporation or any other person for any statement, vote, decision, or failure to act, regarding corporate management or policy, by a director, unless: (a) The director breached or failed to perform his or her duties as a director; and (b) The director's breach of, or failure to perform, those duties constitutes: 1. A violation of the criminal law . . . ; 2. A transaction from which the director derived an improper personal benefit, either directly or indirectly; 3. A circumstance [pertaining to liability for unlawful distributions]; 4. . . . [C]onscious disregard for the best interest of the corporation, or willful misconduct . . . .

"The business judgment rule is a policy of judicial restraint born of the recognition that directors are, in most cases, more qualified to make business decisions than are judges." In re Bal Harbour Club, Inc., 316 F.3d 1192, 1194 (11th Cir. 2003) (internal quotations and citations omitted). "[U]nder the business judgement rule, courts *presume* that directors have acted in good faith. A court will not call upon a director to account for his action in the absence of a showing of abuse of discretion, fraud, bad faith, or illegality." Id. at 1195 (quoting Int'l Ins. Co., 874 F.2d at 1461) (emphasis in original).

In the Motion to Dismiss, Defendants present extensive

-7-

background information regarding Defendant-Directors' decision-making process leading up to the transaction at issue, presumably in an effort to establish that Defendant-Directors made an informed business decision that should qualify for protection under the business judgment rule. However, regardless of whether the business judgment rule may ultimately operate to shield Defendant-Directors from liability for their actions regarding the transaction, the Court finds that such a determination would be inappropriate at this juncture. See Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd., No. 05-60080-CIV, 2008 WL 926509, at *5 (S.D. Fla. Mar. 31, 2008) ("[T]he Court considers it unwise to evaluate conduct and determine whether or not it is protected by the business judgment rule at the motion to dismiss stage."); AmeriFirst Bank v. Bomar, 757 F. Supp. 1365, 1376 (S.D. Fla. 1991) ("[I]t is arguable that a court should not consider whether a defendant's conduct is protected by the business judgment rule on a motion to dismiss."); Talib v. Skyway Commc'ns Holding Corp., No. 8:05-cv-282-T17-TBM, 2005 WL 1610707, at *6 (M.D. Fla. July 7, 2005). Furthermore, the allegation that "[t]he [Defendant-Directors] have knowingly or recklessly and in bad faith violated their fiduciary duties by approving the Proposed

Acquisition without regard to the fairness of the transaction to SRI shareholders and by failing to disclose all material information" sufficiently supports the occurrence of a breach and enables the claim to survive a motion to dismiss. (Doc. # 1 at ¶ 67).

With regard to causation and damages, which are relevant to the third element of the breach-of-fiduciary-duty claim, the Court notes Gault's assertion that "[o]nly through the exercise of this Court's equitable powers can Plaintiff . . . be fully protected from the immediate and irreparable injury which the Director Defendants' actions threaten to inflict." Id. at ¶ 74. If this statement indicated the only relief sought for the alleged breach, the Court would find this claim to be moot, as the transaction at issue already occurred as scheduled on July 16, 2012, and Gault failed to file a motion for preliminary or permanent injunction before that time. However, because the Complaint later requests the Court to order Defendants "to account to Plaintiff . . . for all damages suffered and to be suffered by them as a result of the acts and transactions alleged," Id. at ¶ 85, and because Gault claims that the shareholders have been harmed due to "the Company's true value [being] compromised by the consideration offered in the Proposed Acquisition," Id. at ¶ 63, the Court

-9-

finds that the Complaint sufficiently states that the Defendant-Directors' alleged breach is the proximate cause of the plaintiff's damages. Accordingly, the Court declines to grant Defendants' Motion to Dismiss as to Count I.

### B. Aiding and Abetting Breach of Fiduciary Duty

"Under Florida law, a claim for aiding and abetting a breach of fiduciary duty requires: (1) a fiduciary duty on the part of the primary wrongdoer; (2) a breach of this fiduciary duty; (3) knowledge of the breach by the alleged aider and abettor; and (4) the aider and abettor's substantial assistance or encouragement in the wrongdoing." Citco Grp., 2008 WL 926509 at *5. As previously explained, the Court recognizes that the Complaint accuses only "Synergy" of aiding and abetting Defendant-Directors in breaching their fiduciary duties; however, Synergy Health US Holdings Limited is not a party to this action. Instead, Gault apparently seeks relief against SHM Acquisition, Inc., Synergy's former subsidiary, for the aiding and abetting claim.

However, Gault has failed to allege sufficient facts to establish that SHM substantially assisted in or encouraged the alleged breach of fiduciary duty. Rather, the Complaint contains only conclusory allegations that "Synergy colluded in or aided and abetted the Director Defendants' breaches of

-10-

fiduciary duties, and was an active and knowing participant in the Director Defendants' breaches of fiduciary duties." (Doc. # 1 at ¶ 79). Accordingly, in the absence of any facts establishing that SHM substantially assisted in or encouraged Defendant-Directors' alleged breach of fiduciary duty, the Court dismisses Count II without prejudice and with leave to amend.

### C. Section 14(e)

Although Defendants challenged the substantive sufficiency of Gault's Section 14(e) claim in the Motion to Dismiss, Gault stated in response to the Motion that, "[a]s the tender offer has been consummated, the claims under Section 14(e) of the federal securities laws are moot, and Plaintiff is not seeking further disclosure in the 14D-9 document." (Doc. # 31 at 1). Accordingly, the Court declines to address the merits, if any, of Gault's Section 14(e) claim. The Court dismisses Count III without prejudice and grants Gault leave to amend this Count to state a claim, if possible.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss (Doc. # 22) is **GRANTED** to the extent that Counts II and III of the Complaint are dismissed without prejudice and with leave to amend by

-11-

November 2, 2012.  The Motion is otherwise **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of October, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record