```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ALAN GAULT,

     Plaintiff,

v.                                  CASE NO:  8:12-cv-1389-T-33TGW

SRI SURGICAL EXPRESS, INC.,
CHARLES W. FEDERICO, JAMES
T. BOOSALES, JAMES M. EMANUEL,
MICHAEL D. ISRAEL, CHARLES T.
ORSATTI, WAYNE R. PETERSON,
GERALD R. WOODARD, and SHM
ACQUISITION, INC.,

     Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants' Motion to Decline Supplemental Jurisdiction Over and Dismiss State Law Claim (Doc. # 35), filed on November 7, 2012. Plaintiff filed a response in opposition to Defendants' motion on November 21, 2012. (Doc. ## 37, 38). For the reasons that follow, the motion is granted in part and denied in part.

**I.  Background**

On June 22, 2012, Plaintiff Alan Gault initiated this action against Defendants SRI Surgical Express, Inc., SRI's board of directors, and SHM Acquisition, Inc. (Doc. # 1). Gault, an SRI shareholder, asserted three separate Counts in the Complaint, including (1) breach of fiduciary duty, (2)

aiding and abetting a breach of fiduciary duty, and (3) violations of Section 14(e) of the Securities Exchange Act of 1934. <u>Id.</u>

On September 6, 2012, Defendants filed a motion to dismiss Gault's Complaint, arguing that Gault had failed to state a claim for breach of fiduciary duty, aiding and abetting, or violation of Section 14(e). (Doc. # 22). On October 22, 2012, the Court granted the motion without prejudice as to Gault's aiding and abetting and Section 14(e) claims, but denied the motion as to Gault's breach of fiduciary duty claim. (Doc. # 33 at 11-12). The Court granted leave to amend the Complaint on or before November 2, 2012, in order to afford Gault an opportunity to state a claim as to the relevant Counts, if possible. Gault declined to do so.

Upon Gault's failure to file an amended complaint, Defendants filed the instant "Motion to Decline Supplemental Jurisdiction Over and Dismiss State Law Claim." (Doc. # 35). On November 21, 2012, Gault filed a response in opposition to the motion, urging the Court to exercise supplemental jurisdiction over the remaining breach of fiduciary duty claim or, in the alternative, to grant leave to file an amended complaint alleging diversity jurisdiction. (Doc. # 38 at 3).

## II. <u>Analysis</u>

Pursuant to 28 U.S.C. § 1367(c), this Court may decline to exercise supplemental jurisdiction over pendent state law claims. In <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988), the Supreme Court provided: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state law claims."  The Eleventh Circuit has further noted that "if the federal claims are dismissed prior to trial, <u>Gibbs</u> strongly encourages or even requires dismissal of the state claims." <u>Mergens v. Dreyfoos</u>, 166 F.3d 1114, 1119 (11th Cir. 1999) (quoting <u>L.A. Draper & Son v. Wheelabrator-Frye, Inc.</u>, 735 F.2d 414, 428 (11th Cir. 1984) (citing <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726-27 (1966))).

To the extent that Gault seeks to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), the Court declines to exercise it. Furthermore, the Court notes that, although the previous Order granting in part Defendants' motion to dismiss (Doc. # 33) provided Gault an opportunity to cure the jurisdictional defects in his Complaint, Gault

declined to amend the Complaint whatsoever.

Nonetheless, in response to Defendants' motion to decline supplemental jurisdiction, Gault alleges that "complete diversity exists and Defendants will not dispute this fact." (Doc. # 38 at 4). Thus, Gault seeks leave to amend his Complaint to allege diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Court cautions, however, that merely referencing the residencies of individual Defendants is insufficient to establish the citizenship of those parties for purposes of alleging diversity jurisdiction. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); Plunkett v. Poyner, No. 08-60953-CIV, 2009 WL 5176542, at *3 (S.D. Fla. Dec. 22, 2009) (citing Nadler v. Am. Motors Sales Corp., 764 F.2d 409, 413 (5th Cir. 1985)) ("It is well settled that an allegation of residence is not sufficient to establish citizenship for diversity [ ] jurisdiction purposes.").

In consideration of Federal Rule of Civil Procedure 15(a)(2), which encourages courts to freely grant leave to amend, and in light of Gault's attempt to demonstrate on the record that an amendment would not be futile because complete diversity exists among the parties (Doc. # 38 at 4), the Court

will permit Gault to amend the Complaint to allege diversity jurisdiction. In the amended complaint, Gault should specify the basis for diversity jurisdiction as well as the allegations supporting his state law claim of breach of fiduciary duty.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Decline Supplemental Jurisdiction Over and Dismiss State Law Claim (Doc. # 35) is granted in part and denied in part as detailed herein. Plaintiff may file an amended complaint on or before January 10, 2013.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of December, 2012.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record